UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LUCY CHACKO,   MEMORANDUM AND ORDER
   13 CV 289
          Plaintiff,

    -v-

WOODHULL MEDICAL CENTER,

          Defendant.
----------------------------------------------------------x
JOHN GLEESON, United States District Judge.

On January 15, 2013, *pro se* plaintiff Lucy Chacko filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the complaint is dismissed but plaintiff is granted permission to file an amended complaint within thirty days of the date of this order.

A.    *Background*

Plaintiff's complaint is submitted on an employment discrimination form supplied by the Court. She alleges that she was discriminated against based on her race, national origin and age. On the check-the-box form, the plaintiff indicates that the discriminatory conduct she complains of includes the "failure to hire" and "unequal terms and conditions of . . . employment." Compl. ¶ 4. Plaintiff's statement of facts states in its entirety as follows:

> On or about February 2006, I was accepted as a volunteer
> employee, at the Woodhull Medical Center, and was placed as
> a maternal child health clerical assistant thereafter, the

1

> medical center by passed [sic] and overlooked my volunteer services and selected other people through employment agencies whom were less motivated than I am. I was assigned at many different departments during the course of my tenure. The last department where I was assigned was at the psychiatric center under the Associate Director, Ms. Debra Davis Smith. This assignment lasted nearly one year, before they terminated me without good cause.

Compl. ¶ 8.

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 23, 2011. On October 18, 2012, the EEOC issued a Dismissal and Notice of Rights letter. *See* Dismissal and Notice of Rights letter (annexed to the Complaint). In this October 18 Notice, the EEOC indicated through designation on a check-the-box form that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." *Id.*

B.   *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), this Court is required to conduct an initial screening of this complaint and shall dismiss any *in forma pauperis* action where the Court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Under Rule 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the [plainitff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). As a general matter, this means that the Complaint must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At the pleading stage of the

proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). The complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff describes facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. 678. A claim is not plausible if it is simply "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Because the plaintiff here is *pro se*, I "must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)) (some alterations in original). A pro se litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). Generally, a court will afford a *pro se* plaintiff an opportunity to amend prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (*quoting Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

C.  *Discussion*

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) she suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010); *Joseph v. North Shore Univ. Hosp.*, No. 08 Civ 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

The nature of plaintiff's Title VII complaint is unclear. Though she checked a box on the form indicating that she was discriminated on the basis of her race and national origin, she fails to indicate either her race or national origin. Therefore, even construing the complaint liberally, the complaint fails to allege facts supporting an inference of discrimination on the basis of either of these grounds.

The plaintiff's ADEA claim is also unclear. The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, a plaintiff must show: (1) that she was within the protected age group (more than 40 years old); (2) that she was qualified for her position; (3) that she experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.,* 202 F.3d 129, 134 (2d Cir. 2000)). Here, although the plaintiff states that she is more than 40 years old, she fails to plead any facts sufficient to create a reasonable inference that age discrimination was a

determining factor in any adverse employment decisions. Plaintiff's sole allegation is that the defendant hired "other people through employment agencies whom were less motivated than I am." Compl. ¶ 8. Even construing the complaint liberally, I conclude that this allegation is not sufficient to raise a reasonable inference of discrimination on account of age.

Even under the most liberal construction of plaintiff's allegations, she provides no facts that connects any adverse employment action to a protected status. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

D.      *Conclusion*

In light of plaintiff's *pro se* status, the complaint is dismissed but the plaintiff is granted permission to file an amended complaint within thirty days from the date of this order to replead her employment discrimination complaint to correct the deficiencies noted above. To the best of her ability, the plaintiff should describe the particular facts and circumstances that give rise to her claims that the defendant discriminated against on the basis of race, national origin and age in violation of Title VII and the ADEA. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If the plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        So ordered.

                                                                                                     _____

                                                                                                 JOHN GLEESON, U.S.D.J.

Dated: February 11, 2013
       Brooklyn, New York